# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BOARD OF TRUSTEES OF**                                                    **PLAINTIFF**
**ARKANSAS TECH UNIVERSITY**

**v.**                 **CASE NO. 4:17-CV-00439 BSM**

**NATIONAL COLLEGIATE ATHLETIC**
**ASSOCIATION**                                                           **DEFENDANT**

## ORDER

Defendant National Collegiate Athletic Association's ("NCAA") motion to dismiss [Doc. No. 19] is granted.

## I. BACKGROUND

Plaintiff Board of Trustees of Arkansas Tech University ("Arkansas Tech") filed suit against the NCAA claiming a breach of contract and civil rights violations under 42 U.S.C. section 1983 and the Arkansas Civil Rights Act ("ACRA"). The NCAA argues dismissal is proper because Arkansas Tech has not shown that the NCAA violated its contract and because the NCAA is not a state actor capable of being sued under section 1983 or the ACRA.

Arkansas Tech is a Division II member of the NCAA. As a member, Arkansas Tech pays dues, and both Arkansas Tech and the NCAA agreed to abide by the obligations found in the Division II Manual, which operates as a contract. In 2012, Arkansas Tech violated the NCAA bylaws by allowing the women's basketball program to pay security deposits for on-campus housing on behalf of six of its players. After Arkansas Tech recognized its

violations, it self-reported to the NCAA. As a result, the NCAA conducted an investigation as to whether Arkansas Tech committed similar violations from 2009 to 2013.

After the investigation, Arkansas Tech sent a Summary Disposition Report to the NCAA's Committee on Infractions ("COI"). The report reviewed the COI's proposed factual findings and violations and suggested self-imposed penalties. The COI accepted the report and issued additional penalties, one of which required Arkansas Tech to vacate 205 wins from its men's and women's basketball teams. Arkansas Tech rejected this penalty and requested a hearing on the issue. The COI denied the hearing and upheld its decision. Arkansas Tech appealed the decision to the NCAA's Infractions Appeals Committee ("IAC"). The IAC explained that the penalty imposed by the COI was not excessive based on the totality of violations and prior NCAA precedent. IAC March 4, 2016, Report, Ex. G, Doc. No. 14 at 472–74, and it denied the appeal. The IAC did not expressly rule on whether the COI abused its discretion.

Arkansas Tech argues that the NCAA's actions breached the Division II Manual in two ways: the NCAA violated bylaw 32.10.4.1, which requires it to issue a ruling as to whether the COI abused its discretion, and the NCAA violated bylaw 19.01.1, which Arkansas Tech construes to imply a duty of good faith and fair dealing.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*,

556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* When deciding a motion to dismiss, only the complaint, materials necessarily embraced by the pleadings, and matters of public record are to be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

The doctrine of judicial noninterference requires dismissal of Arkansas Tech's contract claim. Arkansas Tech is correct that judicial interference may be appropriate when associations comprised of voluntary members violate the law or the association's own bylaws. *Spirit Lake Tribe of Indians ex rel. Committee of Understanding and Respect v. NCAA*, 715 F.3d 1089, 1093–94 (8th Cir. 2013). The facts as alleged, however, do not demonstrate that the NCAA violated the law or its bylaws. Bylaw 32.10.4.1 provides, "A penalty prescribed by the Committee on Infractions shall not be set aside on appeal except on a showing by the appealing party that the penalty is excessive such that it constitutes an abuse of discretion." NCAA Division II Manual, Ex. A, Doc. No. 14, at 420. The bylaw clearly places the burden of proof on Arkansas Tech as the appealing party, not on the NCAA. Moreover, the bylaw sets out what must happen for a penalty to be set aside, not for a penalty to be upheld. Nothing alleged in the complaint establishes that the NCAA violated bylaw 32.10.4.1.

Further, a breach of the implied covenant of good faith and fair dealing does not provide an independent cause of action. *Parker v. PHH Mortg. Corp.*, No. 4:11CV00439

3

BSM, 2014WL626594, at *3 (E.D. Ark. Feb. 18, 2014).

The NCAA's motion is granted as to Arkansas Tech's section 1983 claim because the NCAA is not a state actor. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 196 (1988). In *Tarkanian*, the Supreme Court held that the "NCAA is properly viewed as a private actor at odds with the State when it represents the interests of its entire membership in an investigation of one public university" and that the "NCAA enjoyed no governmental powers to facilitate its investigation. . . . Its greatest authority was to threaten sanctions against [the university], with the ultimate sanction being expulsion of the university from membership." *Id.* at 197. "[S]uch governance cannot rise to the level of state action," and "the receipt of federal funding . . . cannot transform the NCAA into a state actor." *The Spirit Lake Sioux Tribe of Indians v. The Nat'l Collegiate Athletic Ass'n*, No. 2:11-CV-95, 2012WL12886993, at *7–8 (D.N.D. May 1, 2012). "*Tarkanian* foreclosed any claim that [the university] may have had that the NCAA is a state actor." *Id.* (italics added).

Contrary to Arkansas Tech's assertions, the Supreme Court's more recent holding in *Brentwood* does not change the outcome. If anything, *Brentwood* reinforces *Tarkanian*. In *Brentwood*, the Supreme Court reiterates *Tarkanian*'s holding that the NCAA's "connection with [the state is] too insubstantial to ground a state-action claim" because "the NCAA's policies were shaped not by the [university] alone, but by several hundred member institutions, most of them having no connection with [the state], and exhibiting no color of [state] law." *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 297–98 (2001). Materials attached to Arkansas Tech's complaint confirm that the

4

NCAA is comprised of members across the United States and Canada. Moreover, *Brentwood* is easily distinguishable from the facts at hand because the organization found to be a state actor in *Brentwood* was comprised solely of schools within a single state, *Brentwood Academy*, 531 U.S. at 290, whereas the NCAA is comprised of schools from across the United States and Canada, *see. e.g.*, NCAA Constitution, Ex. A, Doc. No. 14, at 61 ("Membership is available to colleges . . . located in Canada and the United States, its territories or possessions.").

As with a section 1983 claim, a claim brought under the ACRA requires state action. *See Rudd v. Pulaski Cty. Special Sch. Dist.*, 20 S.W.3d 310, 312 (Ark. 2000). Accordingly, Arkansas Tech's section 1983 and ACRA claims are dismissed in their entirety because the complaint fails to establish state action by the NCAA.

## IV. CONCLUSION

For these reasons, the NCAA's motion to dismiss [Doc. No. 19] is granted. Arkansas Tech's complaint is dismissed with prejudice, and the joint motion to amend the scheduling order [Doc. No. 28] is denied as moot.

IT IS SO ORDERED this 23rd day of May 2018.

_____
UNITED STATES DISTRICT JUDGE